**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1110
_____

JAIR IZQUIERDO,

                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-683-662)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed:  August 24, 2011)

_____

OPINION
_____

PER CURIAM.

        Jair Izquierdo petitions for review of the Board of Immigration Appeals'

("BIA") decision denying his motion to reopen his removal proceedings.  For the reasons

that follow, we will grant the petition, vacate the BIA's decision, and remand for further

proceedings.

## I.

Because we write for the parties, who are familiar with the background of this case, we discuss that background only to the extent necessary to rule on the instant petition. Izquierdo, a native and citizen of Peru, entered the United States as a nonimmigrant visitor in October 2001. He ultimately stayed beyond the time allowed under his visa, and was placed in removal proceedings in 2006. He conceded his removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his application, he claimed that he feared returning to Peru on account of his being gay.

In October 2006, after a hearing on the merits, the Immigration Judge ("IJ") denied Izquierdo's application. In his decision, the IJ noted that "[t]here are many instances where gays [in Peru] are not only discriminated against, but there's actual physical beatings at the hands of the authorities. There's also evidence that the authorities stand around and allow gays to be harmed." (J.A. at 138.) Despite these findings, the IJ concluded that he could not find a pattern or practice of persecution against gays in Peru "until I have a finding by an appellate court or a legislative fiend [sic]." (See id. at 146-47.)

In June 2008, the BIA upheld the IJ's denial of relief. Although the BIA determined that the IJ had erred in stating that he could not grant relief on Izquierdo's pattern or practice claim due to the absence of any controlling authority, the BIA concluded that this error was harmless because the record did not establish such a pattern

or practice.  In support of this conclusion, the BIA emphasized that

> while the [IJ] referred generally to beatings of gays and police inaction, such incidents are reported primarily in the older articles in the record, some of which date back more than 12 years.  We note that most of the articles submitted by [Izquierdo] are more than 5 years old and thus are not reflective of current conditions for homosexuals in Peru, and the more recent articles, from 2006, relate primarily to incidents against transvestite activists.

(Id. at 124 (citations omitted).)  The BIA also highlighted several excerpts from country reports reflecting positive strides made in Peru regarding the treatment of gays.

Izquierdo subsequently petitioned this Court to review the BIA's decision; we denied that petition in November 2009.  See Izquierdo v. Att'y Gen. of the U.S., 352 F. App'x 682 (3d Cir. 2009) (per curiam).  In November 2010, he moved the BIA to reopen his removal proceedings, claiming that conditions for gays in Peru had worsened since his October 2006 merits hearing before the IJ.  In support of this motion, Izquierdo submitted the U.S. State Department's 2009 Country Report on Human Rights Practices for Peru, as well as various articles and other sources.

On December 17, 2010, the BIA denied Izquierdo's motion to reopen in a one-page decision.  The BIA concluded that

> [t]he evidence proffered with [Izquierdo's] present motion does not reflect materially changed country conditions for homosexuals in his native Peru since this case was before the [IJ] in October of 2006.  Rather, such evidence describes a continuance of the on-going and volatile circumstances that gave rise to [his] first claim, a claim that was previously denied by both the [IJ] and the [BIA].  Moreover, [Izquierdo's] generalized claim of increased harassment,

3

discrimination, and violence towards homosexuals in Peru is insufficient to establish his *prima facie* eligibility for asylum, withholding of removal, and [CAT] relief. The country information submitted along with [his] motion does not sufficiently demonstrate that there exists a reasonable possibility that [he] would be targeted for harm rising to the level of persecution on account of a protected ground. Nor does such evidence sufficiently demonstrate that [he] would more likely than not face torture in Peru. The evidence presented does not make a *prima facie* showing that the government of Peru would torture or acquiesce in the torture of [him].

(J.A. at 2 (citations omitted).) Izquierdo now seeks review of this most recent BIA decision.[1]

## II.

An alien generally must file a motion to reopen within 90 days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). There is no such time limit, however, if the alien's motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). We review the BIA's denial of a motion to reopen for abuse of discretion, Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005), and "will uphold that determination if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"

_____

[1] We have jurisdiction over Izquierdo's petition pursuant to 8 U.S.C. § 1252(a)(1).

4

Zheng v. Att'y Gen. of the U.S., 549 F.3d 260, 266 (3d Cir. 2008) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

In this case, the BIA articulated two independent grounds for denying Izquierdo's motion to reopen. First, the BIA concluded that he had failed to establish materially changed country conditions in Peru. Second, the BIA concluded that he had failed to establish prima facie eligibility for asylum, withholding of removal, or CAT relief. As explained below, the reasoning underlying both of these conclusions is flawed.

The BIA concluded that Izquierdo had failed to establish materially changed country conditions because his new evidence merely "describes a continuance of the on-going and volatile circumstances that gave rise to [his] first claim." (J.A. at 2.) This reasoning, without more, simply does not square with the BIA's earlier findings. In its earlier decision, the BIA gave no indication that "volatile circumstances" were "on-going" in Peru. To the contrary, the BIA found that most of the evidence that had been presented to the IJ was outdated and thus "not reflective of current conditions for homosexuals in Peru." (See id. at 124.) Additionally, the BIA highlighted several excerpts from country reports reflecting positive developments in Peru regarding the treatment of gays.

As for the BIA's conclusion that Izquierdo had failed to establish prima facie eligibility for relief, it appears that the BIA reached that conclusion by assessing the wrong claim. Izquierdo's motion to reopen claimed that he was entitled to relief based on a pattern or practice of persecution against gays in Peru. It appears, however, that the

5

BIA evaluated his claim as though it was based on *individualized* persecution, for the BIA concluded that the evidence "does not sufficiently demonstrate that there exists a reasonable possibility that [Izquierdo] *would be targeted* for harm rising to the level of persecution on account of a protected ground." (See id. at 2 (emphasis added).) The Government, in a footnote in its brief, essentially concedes this error.[2]

Given the above-noted flaws in the BIA's analysis, we cannot uphold its December 17, 2010 decision on either of the two grounds articulated by the agency. Although Izquierdo urges us to hold that he has both established materially changed country conditions and prima facie eligibility for asylum and withholding of removal, we will instead remand the matter so that the BIA can properly evaluate his motion to

---

[2] The Government states that

[s]hould the Court disagree with [the Government's] argument and find a change in country conditions warranting reopening, the Court should remand the case for the agency to consider Izquierdo's claim that he made out a *prima facie* case of a "pattern and practice" of persecution. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (holding that this Court must remand to the Board to allow it to address in the first instance an issue that it has not yet considered); *Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006) (same).

(Resp't's Br. 16 n.1.)

reopen.[3]  We express no opinion on his ability to prevail on that motion.

In light of the above, we will grant Izquierdo's petition for review, vacate the BIA's December 17, 2010 decision, and remand the matter to the BIA for further proceedings consistent with this opinion.

---

[3]  Because we conclude that the BIA examined the wrong claim in determining that Izquierdo had failed to establish prima facie eligibility for relief, we need not address his argument that the BIA's prima facie eligibility analysis employed an "excessively rigorous standard."  We trust that, on remand, the BIA will apply the proper standard. See Shardar v. Att'y Gen. of the U.S., 503 F.3d 308, 313 (3d Cir. 2007) (explaining that, to establish prima facie eligibility for relief, an alien moving to reopen "must produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief") (internal quotation marks and citation omitted).